UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CR-20563-LENARD/DAMIAN

UNITED STATES OF AMERICA

v.

ALEX JAMAL KILLINGS,

    Defendant.

_____/

**DETENTION ORDER**

THIS CAUSE came before the Court on a pretrial detention hearing held on April 25, 2023, pursuant to Federal Rule of Civil Procedure 32.1, to determine whether Defendant, Alex Jamal Killings ("Mr. Killings" or "Defendant"), should be detained pending the final revocation hearing based upon danger to the community and risk of flight.

THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and the Government's witness, United States Probation Officer ("USPO") Kemp Jackson, at the April 25, 2023 hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at the hearing or the safety of the community, and, therefore, Defendant shall be detained prior to the final hearing and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.    FINDINGS OF FACT

### A. *Underlying Offense*

On October 31, 2012, Defendant pled guilty to Count One of the Indictment, which charged him with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1). *See* ECF Nos. 1, 27. Defendant was sentenced to 48 months imprisonment followed by three years of supervised release. *See* ECF No. 33. On February 13, 2017, Defendant admitted violating the conditions of his supervised release and, on February 15, 2017, was remanded to serve two months' imprisonment followed by two years and ten months of supervised release. *See* ECF Nos. 44, 45. On December 4, 2018, Defendant again admitted violating the terms of his supervised release and, on January 7, 2019, was remanded to serve twelve months and one day of imprisonment followed by twenty-three months and thirty days of supervised release. *See* ECF Nos. 59, 63. And, on October 3, 2022, Defendant again admitted violating the conditions of the terms of his supervised release and, on October 4, 2022, was committed to a term of imprisonment of time served followed by thirty months of supervised release. [ECF No. 90].

### B.    *Nature And Circumstances Of The Supervision Violation*

On April 18, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging thirteen violations of Defendant's supervised release, including failing to submit to drug testing, failing to participate in domestic violence counseling, and failing to comply with the instructions of his Probation Officer to not contact the victim (the "Victim"), who is the subject of a temporary injunction related to Miami-Dade County, Florida, Case No.: 2023-002387-FC-04.

### C.     *Weight Of The Evidence*

The weight of the evidence against Defendant is substantial. Through its proffer at the detention hearing and the testimony of USPO Kemp Jackson, the United States established probable cause to find that Defendant violated the conditions of his supervised release, as set forth in the Petition.

The evidence shows that Defendant has previously had his federal supervision revoked on three different occasions for numerous technical violations and new violations of law; that he has failed to appear at numerous court ordered appointments and to comply with other requirements of his special conditions; and that he is now alleged to have committed several new violations of law and to have failed to comply with the instructions of his Probation Officer to not contact the Victim, who is the subject of a temporary injunction related to Miami-Dade County, Florida, Case No.: 2023-002387-FC-04. USPO Jackson corroborated the allegation that Defendant has been contacting the Victim via phone and text message, in violation of the Temporary Injunction, and also testified that in one of the messages sent by Defendant to the Victim, Defendant threatened the Victim with a firearm.

### D.     *History And Characteristics Of Defendant*

Defendant's history and characteristics support detention based on risk of nonappearance and danger to the community.[1] Defendant has a history of non-compliance with supervision, has violated probation on numerous occasions, and has failed to appear in court more than once.

---

[1] The undersigned takes judicial notice of the Presentence Investigation Report.

## II. REASONS FOR DETENTION

Defendant is charged with violating his supervised release, therefore, under Rule 32.1, Defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community In light of the nature and circumstances of Defendant's alleged violations, for which I find probable cause supported by the evidence presented, the weight of the evidence against Defendant, his prior criminal history, and history of non-compliance with Court orders and supervision, the Court finds that Defendant has failed to show by clear and convincing evidence that a condition or set of conditions would reasonably assure Defendant's appearance or the safety of the community if Defendant were to be released on bond. Accordingly, the Court finds that Defendant must be detained pending the final revocation hearing in this matter.

## III. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, and Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

The Court points out that although the instant written Order is entered on this 2nd day of May, the Court announced its decision regarding Defendant's detention on the record at

the detention hearing held April 25, 2023, and, thus, this Order is effective as of April 25, 2023.

      **DONE AND ORDERED** in Chambers in Miami, Florida, this 2nd day of May, 2023.

                                          MELISSA DAMIAN
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pretrial Services (Miami)